IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALLEN L. FEINGOLD | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| OFFICE OF DISCIPLINARY COUNSEL, et al. | : | NO. 10-3357 |

MEMORANDUM

McLaughlin, J.                                          January 19, 2011

This action was brought by a former attorney who was disbarred in 2008 for alleged constitutional violations relating to his disbarment. The defendants have filed motions to dismiss the plaintiff's complaint. For the following reasons, the Court will grant the defendants' motions.

The plaintiff previously filed suit in federal court concerning actions taken by the Office of Disciplinary Counsel and others in Pennsylvania state court regarding the plaintiff's disbarment and the appointment of a conservator to restrict the plaintiff's access to his office and case files. See Feingold v. Office of Disciplinary Counsel, No. 09-4421, 2009 U.S. Dist. LEXIS 116806, at *1-5 (E.D. Pa. Dec. 14, 2009). Due to a pending writ of mandamus filed in state court, this Court concluded that it either lacks subject matter jurisdiction under the Rooker-Feldman doctrine or must decline to exercise jurisdiction under the Younger abstention doctrine. The Court's reasoning was dependent on whether a petition for writ of mandamus is an on-

going state court proceeding.  Id. at 6-7.

On July 8, 2010, the plaintiff filed his second complaint in federal court alleging similar facts as his 2009 federal suit and including additional events from 2010.  This action seeks an injunction prohibiting the defendants from controlling the plaintiff's files and access to his office, among other things.  See Pl's Mot. Pre. Inj. at 1-2 (Docket No. 2). This action, like the 2009 federal action before it, asserts that the defendants have violated the plaintiff's constitutional rights through the restriction of access to his files in his office and restrictions against filing motions in state court without leave of court.

On January 18, 2011, the Court received notice from the Honorable Chad F. Kenney, Sr. that a trial has been scheduled for February 17, 2011 in the underlying state court disciplinary proceeding.  See Office of Disciplinary Counsel v. Feingold, No. 090800084 (Phila. Ct. Com. Pl. Jan. 18, 2011).  The Court takes judicial notice of this Order.  See Anspach v. City of Phila., 503 F.3d 256, 273 n.11 (3d Cir. 2007) (court may take judicial notice of public records when ruling on Rule 12(b)(6) motions to dismiss).

District courts must abstain from enjoining state judicial proceedings when (1) there is a pending state proceeding that is judicial in nature, (2) the proceeding implicates

2

important state interests, and (3) there is an adequate opportunity in the state proceeding for the plaintiff to raise his constitutional challenges.  See <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 431 (1982).

Because of the pending trial in the underlying state court disciplinary matter, the Court must abstain from exercising jurisdiction under the doctrine of <u>Younger</u> abstention.  This pending trial, which implicates important state interests, will provide the plaintiff the opportunity to raise his constitutional challenges and seek appropriate redress.

An appropriate Order shall issue separately.